JACK LOWN, # 122080,

          Petitioner,

v.                                    Case No. 10-cv-12821
                                        Honorable Victoria A. Roberts

THOMAS BIRKETT,

          Respondent.

_____/

**ORDER (1) CONSTRUING PETITIONER'S
LETTER AS A MOTION FOR RELIEF FROM JUDGMENT,
AND (2) GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION**

This matter is before the Court on Petitioner's Letter to the Court, requesting that the Court correct its Order, dated July 21, 2010, transferring his Habeas Petition to the Sixth Circuit. (Dkt. # 3.) The Court construes Petitioner's Letter as a Motion for Relief from Judgment under the Federal Rules of Civil Procedure 60(a) and 60(b)(1). For the reasons stated, the Court grants in part and denies in part Petitioner's Motion.

## I. BACKGROUND

On July 16, 2010, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus, challenging his conviction for armed robbery. The Court transferred the case to the United States Court of Appeals for the Sixth Circuit on July 21, 2010, because it was a second or successive Petition. Petitioner filed a prior Petition in the United States District Court for the Western District, challenging the same conviction. *Lown v. Brown*, No. 89-00161 (W.D. Mich. Feb. 8, 1990). Petitioner also attempted to file a successive Habeas Petition in that district which was

transferred to the Sixth Circuit. The Sixth Circuit denied Petitioner's request to file a second or successive Habeas Petition. *Lown v. McGinnis*, No. 98-0134 (6th Cir. Dec. 24, 1998).

Petitioner is now requesting that this Court correct its Order for the following reasons: (1) the Court stated that Petitioner "pleaded guilty to one count of armed robbery," when he was in fact found guilty by a jury; and (2) Petitioner filed his Habeas Petition under 28 U.S.C. § 2241, not 2254 as stated in the Order, and therefore the Petition should not have been transferred to the Sixth Circuit.

## II. DISCUSSION

Federal Rule 60(a) provides that "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, other part of the record" may be corrected by the court on its own or with a motion by a party. Fed.R.Civ.P. 60(a). Petitioner states in his Motion that, in its Order of transfer, the Court inaccurately stated that he "pleaded guilty to one count of armed robbery." Petitioner's conviction was the result of a jury trial. Thus, the Court grants Petitioner relief under 60(a) and the Order shall be corrected to indicate the proper method of conviction. This error did not impact the disposition of Petitioner's case.

Petitioner also argues that the Court erred in characterizing his Petition as a 2254 Petition, rather than as a 2241 Petition. Relief from judgment may be granted pursuant to Rule 60(b)(1) where the Court's judgment was the result of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). In this context, "mistake" encompasses legal errors. *See Barrier v. Beaver*, 712 F.2d 231, 233-34 (6th Cir. 1983).

Petitioner filed his Petition for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in

custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one.  *See Edmund v. United States*, 520 U.S. 651, 657 (1997).  In this case, Petitioner challenges his custody pursuant to the state court judgment of the Grand Traverse County circuit court.

Even though both Sections 2241 and 2254 authorize a petitioner to challenge the legality of his state custody, allowing a petitioner to file his "petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent."  *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (citing *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir.2001)).  Many circuits have also held that regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by § 2254.  *Byrd v. Bagley*, 37 F.App'x 94, 95 (6th Cir. 2002) (citing *Coady*, 251 F.3d at 484-85 (noting that Congress restricted the availability of second and successive petitions with respect to habeas petitions filed by state prisoners pursuant to § 2254 by way of § 2244(b)).  Allowing a petitioner to file a petition in federal court under § 2241 without reliance on § 2254 circumvents the procedural restrictions of § 2254.  In *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001), the Sixth Circuit agreed with the following language from the Seventh Circuit:

> [W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

*Id.* at 371 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). *See also Long v. Commonwealth of Kentucky*, 80 F.App'x 410, 414 (6th Cir. 2003). Petitioner cannot evade the procedural requirements of § 2254 by labeling his Petition a § 2241 Petition. If § 2254 was not a restriction on § 2241's authority to grant the writ of habeas corpus, then § 2254 would serve no function at all as a state prisoner could avoid § 2254 limitations simply by writing ' § 2241' on his petition for federal post-conviction relief. *See Thomas*, 371 F.3d at 787. Therefore, while Petitioner is correct in noting that the Petition was labeled "2241," he may not circumvent the procedural requirements of 2254 (including the ban on successive petitions without prior authorization from the Sixth Circuit Court of Appeals) by labeling the Petition a 2241. The Petitioner sought relief under 2254 and the Court properly labeled it as such.

### III. CONCLUSION

Accordingly, the Court grants in part and denies in part Petitioner's Letter or Motion for Relief from Judgment. The Motion is granted only with respect to Petitioner's claim that the Order contained clerical errors.

The Court orders that the second sentence of the Order should be corrected to read: "On July 27, 1976, a jury found him guilty of one count of armed robbery, and on August 10, 1976, he was sentenced to life in prison." The Court will enter a Corrected Order.

The remainder of Petitioner's Motion is denied. Petitioner's Habeas Petition was properly transferred to the Sixth Circuit.

**IT IS SO ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 16, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Jack Lown by electronic means or U.S. Mail on August 16, 2010.

s/Linda Vertriest
Deputy Clerk