UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK LOWN,

       Petitioner,

v.                                                                         Case No. 10-cv-12821
                                                                         Honorable Victoria A. Roberts

THOMAS BIRKETT,

       Respondent.
_____/

## CORRECTED
## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

       Petitioner Jack Lown, a state prisoner confined at the Pine River Correctional Facility in St. Louis, Michigan, filed a *pro se* "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. On July 27, 1976, a jury found him guilty of one count of armed robbery, and on August 10, 1976, he was sentenced to life in prison. He filed a prior Petition in the United States District Court for the Western District. *Lown v. Brown*, No. 89-00161 (W.D. Mich. Feb. 8, 1990). Petitioner also attempted to file a successive Habeas Petition in that district which was transferred to the Sixth Circuit and denied. *Lown v. McGinnis*, No. 98-0134 (6th Cir. Dec. 24, 1998). For the reasons stated, the Court transfers this case to the Sixth Circuit.

       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, govern habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v.*

*Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The Court therefore **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

**IT IS SO ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 16, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Jack Lown by electronic means or U.S. Mail on August 16, 2010.

s/Linda Vertriest
Deputy Clerk

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.