**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JACK LOWN, # 122080,

        Petitioner,

v.                                    Case No. 10-cv-12821
                                    Honorable Victoria A. Roberts

THOMAS BIRKETT,

        Respondent.

_____/

**<u>ORDER DENYING PETITIONER'S MOTION TO CORRECT</u>**

On July 16, 2010, Petitioner Jack Lown, incarcerated at the Ryan Correctional Facility in

Detroit, Michigan, filed a *pro se* Petition for Writ of Habeas Corpus challenging his life sentence

for armed robbery, which was imposed by a Grand Traverse County, Michigan, Circuit Court

jury on July 27, 1976. The Court held that it was a successive Habeas Petition, and ordered it

transferred to the United States Court of Appeals for the Sixth Circuit. Petitioner filed a prior

Petition in the United States District Court for the Western District, challenging the same

conviction. *Lown v. Brown*, No. 89-00161 (W.D. Mich. Feb. 8, 1990). Petitioner also attempted

to file a successive Habeas Petition in that district which was transferred to the Sixth Circuit.

The Sixth Circuit denied Petitioner's request to file a second or successive Habeas Petition.

*Lown v. McGinnis*, No. 98-0134 (6th Cir. Dec. 24, 1998).

Pending is Petitioner's "Motion to Correct Order [ ]." (Dkt. # 6.) The Court construes

Petitioner's Motion as a Motion for Reconsideration.

Petitioner asks the Court to reconsider its Order of Transfer to the Court of Appeals

because he challenges his life sentence for armed robbery, and not his conviction for armed

robbery. Additionally, "Petitioner is requesting that a corrected Order issue from this court

directing the Sixth Circuit to view petitioner's Application as a challenge against the invalid life sentence, NOT the conviction."  Motion, 2, Aug. 24, 2010.

First, the Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different a disposition of the case."  E.D. Mich. L.R. 7.1(h)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain.  *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F.Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3rd Ed.1988)).  Further, the Local Rules also provide that any "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted.  E.D. Mich. L.R. 7.1(h)(3).

Second, Petitioner's argument in support of reconsideration lacks merit.  It appears that he seeks reconsideration on the ground that his Petition is not a second Petition because he is challenging his life sentence for armed robbery, rather than his conviction for armed robbery.  That argument is disingenuous.

Finally, although Petitioner would not have been required to obtain a Certificate of Authorization following the dismissal of his Petition if it had been dismissed without prejudice on exhaustion grounds, *see Harris v. Stovall*, 22 F.Supp.2d 659, 664 (E.D. Mich. 1998), Petitioner's prior Habeas Petition was dismissed on the merits.  Petitioner's current Habeas

Petition is a second or successive Petition, and he is, therefore, required to obtain a Certificate of

Authorization.

Against that backdrop, the Court concludes that there is no palpable defect in its decision.

Petitioner's "Motion to Correct Order[ ]" [dkt. # 6] is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 2, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Jack Lown by electronic means or U.S. Mail on November 2, 2010.

s/Linda Vertriest
Deputy Clerk